T.C. Memo. 1997-155

UNITED STATES TAX COURT

NEMAT MOSTAAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11644-95.                    Filed March 26, 1997.

Nemat Mostaan, pro se.

<u>Kimberly J. Peterson</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Norman H. Wolfe pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.  All section references
are to the Internal Revenue Code in effect for the tax years in
issue, unless otherwise indicated.  All Rule references are to
the Tax Court Rules of Practice and Procedure.  The Court agrees

with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

WOLFE, Special Trial Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent contends that this case should be dismissed on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a).  Petitioner objects to respondent's motion and contends that respondent failed to issue a valid notice of deficiency under section 6212.  Petitioner argues that the notice in question was not mailed to his last known address.  Respondent argues that the notice was properly mailed to petitioner's last known address and that, in any event, petitioner actually received the notice early enough so that he could have filed a petition within the time allowed by statute. An evidentiary hearing was held on respondent's motion.

Petitioner resided at Larkspur, California, when his petition was filed.  On March 24, 1995, the Office of the District Director, Internal Revenue Service (IRS), San Jose, California, sent to petitioner by certified mail a notice of deficiency addressed as follows:

> Nemat Mostaan
> 2407 Lascar Place
> San Jose, CA  95124

In the notice respondent determined the following deficiencies and additions to tax:

|       |            | Additions to Tax |           |
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6654 |
|-------|------------|------------------|-----------|
| 1986  | $887       | $222             | $42       |
| 1987  | 17,962     | 4,491            | 968       |
| 1988  | 5,052      | 1,263            | 324       |

Petitioner mailed a petition in this case by certified mail on June 23, 1995 (91 days after the mailing of the notice of deficiency) and it was received by this Court on June 27, 1995 (95 days after the mailing of the notice).

The jurisdiction of this Court is governed by statute. Sec. 7442. In order to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988). Under section 6212, a notice of deficiency is sufficient if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). A notice of deficiency will be deemed valid, whether or not received by the taxpayer, if it was mailed to the taxpayer's last known address. Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985); Frieling v. Commissioner, 81 T.C. 42, 48, 52 (1983). In general, a petition must be filed with the Tax Court within 90 days from the date a statutory notice of deficiency is mailed to a taxpayer residing in the United States. Sec. 6213(a). If a petition is not filed within the 90-day period, this Court does not acquire jurisdiction of the case. Cataldo v. Commissioner, 60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Moreover, an improperly addressed

notice is nonetheless valid if the taxpayer receives actual notice of the Commissioner's deficiency determination in a timely fashion; i.e., without prejudicial delay.  See Clodfelter v. Commissioner, 527 F.2d 754 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Mulvania v. Commissioner, 81 T.C. 65, 68-69 (1983), affd. 769 F.2d 1376 (9th Cir. 1985).

1.  Last Known Address

As noted above, under section 6212 a notice of deficiency is sufficient if it is mailed to the taxpayer's last known address by certified or registered mail.

Neither section 6212 nor the regulations thereunder define a taxpayer's "last known address".  Generally, a taxpayer's last known address is the address to which, in light of all surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice of deficiency to be sent. Monge v. Commissioner, supra at 27-28.  A taxpayer's last known address is determined at the time the Commissioner mails the notice of deficiency, and a notice mailed to the last known address is valid even if the Commissioner later receives information showing that the taxpayer resides at a different address.  See sec. 6212(b)(1); Monge v. Commissioner, supra at 33; Abeles v. Commissioner, supra at 1035.

In Abeles v. Commissioner, supra at 1035, we held that the Commissioner is entitled to treat the address shown on a taxpayer's most recent return as the taxpayer's last known

address, absent clear and concise notification of an address change. When a taxpayer changes his address, the taxpayer must notify the Commissioner of the change or else accept the consequences. Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). To supplant the address on the most recent return, the taxpayer must clearly indicate that the former address is no longer to be used. Tadros v. Commissioner, supra at 92; White v. Commissioner, T.C. Memo. 1990-528.

In the present case the record shows that the notice of deficiency was mailed to the address on petitioner's most recent return, and petitioner has failed to show that he notified respondent of a change of address.

The deficiency notice was mailed to petitioner at 2407 Lascar Place, San Jose, CA 95124 (2407 Lascar), the address listed as petitioner's home address on the 1992 tax return that he filed on August 17, 1993, and also on the amended return for 1992 that he filed on December 15, 1993. At the time of the hearing on respondent's motion to dismiss, petitioner had not yet filed a return for 1993. Petitioner's return for 1994 was not yet due when the deficiency notice was mailed, and petitioner concedes that as of the end of 1995 he had not filed a return for any year after 1992.

Petitioner argues that he moved from 2407 Lascar to 13 Skylark Drive, Apt. 5, Larkspur, CA 94939 (13 Skylark Drive) in

April 1994 and that he notified respondent of this change of address.

Petitioner claims that he was aware of audit activity with respect to his taxes for the years in issue and later received a so-called 30-day letter concerning the possibility of an Appeals Office conference. He claims that he called respondent's offices at least six times between May 18 and June 20, 1995, that he spoke with IRS personnel by telephone several times during that period, and that during those telephone conversations he notified respondent's representatives of his change of address. Petitioner presented a chart describing the time and subject matter of the alleged telephone conversations. Petitioner prepared the chart himself. He attached to it a telecommunications expense report, allegedly from the records of his employer, to demonstrate that several of the calls had been made. Respondent disputed the authenticity of the report and the accuracy of the chart. Petitioner failed to present any substantiating witnesses or other evidence. Petitioner failed to establish notice of change of address as a result of the alleged telephone conversations.

Petitioner offered in evidence a series of letters dated between April 12, 1994, and February 9, 1995, addressed to IRS personnel and bearing the return address of 13 Skylark Drive. In several of these documents, petitioner purports to advise respondent of his change of address. Respondent asserts that she

has no knowledge of the alleged letters of notification and did not receive them. As in the case of the claimed telephone notification calls, petitioner failed to present any substantiation of the evidence beyond his own testimony. Under the circumstances of this case, and in view of petitioner's repeated presentation of unsubstantiated evidence, we are not convinced of the authenticity of the supposed letters of notification. We are not required to accept petitioner's self-serving testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Accordingly, we hold that in this case the notice of deficiency for the years in issue was mailed to petitioner's last known address by certified mail and that petitioner failed to provide respondent clear and concise notification of an address change prior to the date of mailing of the deficiency notice.

2. Actual Receipt

Even if the deficiency notice here had been improperly addressed, nevertheless the notice would be valid since the record shows that petitioner received actual notice of respondent's deficiency determination in time for him to file a petition within the 90-day period after mailing of the notice. See Mulvania v. Commissioner, supra at 68-69.

The postman who delivered mail at 2407 Lascar Place testified that he had spoken with petitioner on numerous occasions, that he regularly delivered mail addressed to

petitioner at that address during 1995, and that he was aware that petitioner's parents lived at that address. The postman identified a receipt for certified mail addressed to petitioner at 2407 Lascar Place dated March 25, 1995, and signed for by an unidentified member of the household. The receipt (Postal Service Form 3849) bore the same identifying number as the Postal Service Form 3877 indicating the IRS mailing of the deficiency notice on March 24, 1995, at San Jose, California. The receipt of the certified mail package containing the deficiency notice at the address where petitioner was receiving mail is persuasive evidence establishing actual receipt by petitioner. See Shamam v. Commissioner, T.C. Memo. 1992-77. Petitioner's suggestion that a child living in the house may have obtained the mail and misplaced it is unconvincing.

3. Failure To File Petition Within Statutory Time Limits

For this Court to have jurisdiction, a petition must be filed within 90 days from the date a statutory notice of deficiency is mailed to a taxpayer residing in the United States. Sec. 6213(a). The petition here was mailed on the 91st day and received on the 95th day. The 91st day was not a Saturday, a Sunday, or a legal holiday. On the face of the matter, we lack jurisdiction in this case.

Petitioner has attached to his petition a copy of a purported letter dated May 23, 1995, requesting petition forms and also stating: "I wish to contest the IRS determination of

the tax deficiencies as stated in their notice of deficiencies, dated March 24, 1995."  If this letter were authentic, it would be well within the 90-day period.  However, the Office of the Clerk of this Court cannot locate any such letter.  Petitioner makes no claim that it was sent by certified mail.  We conclude that petitioner has failed to establish the authenticity of this document and has failed to show that he filed a timely petition with this Court.

Accordingly,

An order will be entered granting respondent's motion to dismiss for lack of jurisdiction.